IN THE SUPREME COURT OF THE STATE OF DELAWARE

STACIA VICK and CHADWICK VICK,

§
§
§ No. 255, 2019
§
Plaintiffs Below, §
Appellants, § Court Below—Superior Court
§ of the State of Delaware
v. §
§ C.A. No. K17C-09-007
DR. NASREEN KHAN, KHAN §
OBSTETRICS AND §
GYNECOLOGY ASSOCIATES, §
P.A., BAYHEALTH INC., §
BAYHEALTH MEDICAL §
CENTER, and KENT GENERAL §
HOSPITAL, §
§
Defendants Below, §
Appellees. §

Submitted: July 9, 2019
Decided: July 17, 2019

Before **STRINE**, Chief Justice; **VALIHURA** and **VAUGHN** Justices.

## **ORDER**

Upon consideration of the notice of interlocutory appeal and the supplemental notice of interlocutory appeal, it appears to the Court that:

(1) The plaintiffs below-appellants, Stacia Vick and Chadwick Vick, have petitioned this Court under Supreme Court Rule 42 to accept an interlocutory appeal from a Superior Court opinion and order, dated May 17, 2019, ruling on multiple

motions in the Vicks' medical negligence action.[1]  In the decision, the Superior Court: (i) denied the Khan Defendants' Motion to Strike Plaintiffs' Untimely Motion for Summary Judgment and Ten Untimely Motions in Limine; (ii) denied the Plaintiffs' Motion to Strike Bayhealth's Motion for Summary Judgment; (iii) granted the Khan Defendants' Partial Motion for Summary Judgment on Informed Consent Claims; (iv) denied the Plaintiffs' Motion for Partial Summary Judgment; (v) granted the Khan Defendants' Motion for Partial Summary Judgment on Plaintiffs' Medical Negligence Claims in Performance of Hysterectomy and Episiotomy; (vi) granted the Khan Defendants' Motion for Partial Summary on Punitive Damages Claims; and (vii) granted Defendant Bayhealth's Motion for Summary Judgment.

(2)  On June 14, 2019, the Vicks filed an untimely application for certification of an interlocutory appeal.  They asked for an extension of the deadline because they were out of state at the time of the Superior Court's May 17th decision. The defendants opposed the application.  On June 28, 2019, the Superior Court denied the application, finding that the Vicks had not shown good cause for their untimely application and that the application did not satisfy the Rule 42 criteria for certification.

---

[1] *Vick v. Khan*, 2019 WL 2177114 (Del. Super. Ct. May 17, 2019).  In February, this Court refused the Vicks' application for certification of an interlocutory appeal from a Superior Court order dismissing six counts of the complaint and denying the Vicks' motion to amend the complaint. *Vick v. Khan*, 2019 WL 856599 (Del. Feb. 21, 2019).

(3)     Having considered the Superior Court's June 28, 2019 order, the Court agrees with the denial of the application for certification.  The application, which was filed on June 14, 2019, was untimely because it was filed more than ten days after the Superior Court's May 17th decision.[2]  The Vicks did not establish good cause for their untimely filing and did not satisfy the criteria for the certification of an interlocutory appeal under Rule 42.

NOW, THEREFORE, IT IS HEREBY ORDERED that the interlocutory appeal is REFUSED.

BY THE COURT:

*/s/ Karen L. Valihura*
Justice

---

[2] Supr. Ct. R. 42(c)(i) ("Such application shall be served and filed within 10 days of the entry of the order from which the appeal is sought or such longer time as the trial court, in its discretion, may order for good cause shown.").

3